```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
        -v-                                                          :
                                                                     :     20-cr-0464 (LJL)
MALIK DEJESUS,                                                       :
                                                                     :     ORDER
                        Defendant.                                   :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2021

LEWIS J. LIMAN, United States District Judge:

Defendant Malik DeJesus moves, pursuant to Fed. R. Crim. P. 12(b)(3) and 41(f), to suppress physical evidence against him obtained as a result of a search and seizure conducted by his New York State Parole officer and the New York City Police Department on February 20, 2020. At the time of the search, DeJesus was subject to supervision on parole from his state court conviction. DeJesus claims that the evidence, which was obtained as a result of the search and of a subsequent search pursuant to a search warrant, was the fruit of an unconstitutional search of his apartment.

The parties agree that the appropriate standards are those forth in *Samson v. California*, 547 U.S. 843 (2006), *United States v. Barner*, 666 F.3d 79 (2d Cir. 2012), *United States v. Grimes*, 225 F.3d 254 (2d Cir. 2000), and *People v. Huntley*, 371 N.E.2d 794 (N.Y. 1977). The question of whether the search is reasonable turns on "whether the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty." *Barner*, 666 F.3d at 84 (quoting *Huntley*, 371 N.E.2d at 797). A defendant is entitled to a hearing if the papers raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (citation omitted).

Defendant has provided such a basis for his motion.

Accordingly, the Court grants the portion of the motion requesting a suppression hearing. Dkt. No. 14.  The Court will hold the hearing on April 7, 2021 at 2:00 p.m.

SO ORDERED.

Dated: March 19, 2021
       New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge