UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

UNITED STATES OF AMERICA,

       -v-                                    20-cr-0464 (LJL)

MALIK DEJESUS,                             ORDER

               Defendant.

---------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      Defendant Malik DeJesus moves for an order reducing his sentence pursuant to the

compassionate release provisions of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  Dkt No.

43.

      On December 1, 2021, I sentenced Mr. DeJesus to a term of imprisonment of twenty-one

months, to be followed by three years of supervised release.  The sentence was at the bottom end

of the advisory Sentencing Guidelines range of twenty-one to twenty-seven months

imprisonment.  The sentence was based on the fact that Mr. Dejesus's conviction represented his

third conviction for possession of a deadly weapon.  He was convicted in 2011 of a crime

involving his possession of a loaded firearm on school property and in 2013 of robbery involving

the use of a machete.  The sentence was also based on Mr. Dejesus's poor adjustment to

supervision.  He committed this crime while still on release from his 2013 conviction, and he

sold narcotics while on pretrial release in connection with the crime that resulted in his 2011

conviction.  While on probation for his narcotics conviction, he committed a robbery.  While on

supervised release on this case, he continued to use illegal drugs.  The sentence was justified by

the seriousness of the offense and the interests in just punishment, specific and general deterrence, and protection of the community.  In particular, I noted that "the interest in public protection or incapacitation . . . weighs heavily because this crime and the history of other crimes are ones that suggest that one need to be concerned for the protection of the public."  Dkt. No. 41 at 23.  In sentencing Mr. Dejesus, I specifically took into account the fact that he would be serving time during a period of a historic pandemic, which would make the time that he was serving harder than it would be otherwise.

In his written *pro se* application, Mr. Dejesus seeks compassionate release based on the harsh conditions of confinement he has been forced to endure as a result of the COVID-19 pandemic and the "near total shutdown of services" imposed by the Bureau of Prisons to address the pandemic.  He also notes that he suffers from post-traumatic stress disorder and depression but does not seek release on grounds of medical risk.  Finally, he cites a number of cases in which judges in this District have varied from the Guidelines based on the conditions of incarceration as a result of the pandemic.  Dkt. No. 43.

Section 3582(c)(1)(A)(i) provides that a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).  "In evaluating compassionate-release motions, 'courts regularly consider

2

whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'" *United States v. Harper*, No. 21-516 (2d Cir. Mar. 1, 2021) (summary order), slip op. at 3 (first quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020); and then citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)).  A conclusion that a reduction of the defendant's sentence would not be consistent with Section 3553(a) provides an "independent basis" to deny compassionate release. *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021); *see also Harper*, slip op. at 3.

The defendant has not demonstrated that he exhausted his administrative rights or that he has asked the Bureau of Prisons to bring a motion on his behalf.  The Court has no doubt that the impact of the COVID-19 pandemic has caused hardship on defendant, but courts have held that the generalized concerns about the impact of COVID-19 do not alone demonstrate "extraordinary and compelling reasons" to reduce a sentence.  *See, e.g.*, *United States v. Sattar*, 467 F. Supp. 3d 12, 154–55 (S.D.N.Y. 2020); *United States v. Haney*, 454 F. Supp. 3d 316, 322–23 (S.D.N.Y. 2020); *United States v. Iverzaj*, 2022 WL 269148, at *2 (S.D.N.Y. Jan. 28, 2022); *United States v. Guzman*, 2022 WL 138101, at *4 (S.D.N.Y. Jan. 13, 2022); *United States v. Figueroa*, 2021 WL 3727091, at *1 (S.D.N.Y. Aug. 20, 2021).

The Court need not now consider whether there are any factors that would excuse defendant's failure first to ask the Bureau of Prisons to make a motion on his behalf.  *See United States v. Barnes*, 2020 WL 4450893, at *2 (S.D.N.Y. Aug. 3, 2020) (first citing *United States v. Russo*, 454 F. Supp. 3d 270 (S.D.N.Y. 2020); and then citing *Haney*, 2020 WL 1821988, at *3). Nor need the Court conclude on whether defendant's circumstances are "extraordinary and compelling."  A reduction of defendant's sentence would not be consistent with the purposes of sentencing under Section 3553(a).  *See United States v. Roper*, No. 21-1055 (2d Cir. Mar. 25,

2022) (summary order), slip op. at 4–6 (affirming district court's denial of a motion for compassionate release based on 3553(a) factors).

The Court's sentence was based, in large part, on the need to protect the community given defendant's criminal history and challenges adjusting to supervision.  It was also based on the seriousness of the offense.  In crafting the sentence, the Court was cognizant of the challenges that defendant was likely to face in Bureau of Prisons' custody.  It took them into account in giving him a lower sentence than the Court otherwise would have imposed.  To now reduce his sentence, only months after sentencing, would be inconsistent with the aims of the original sentence and would, in the Court's judgment, undercut the purposes of Section 3553(a). It would release the defendant to the community far earlier than, in the Court's judgment, is justified by the concerns of just punishment, specific and general deterrence, and, in particular, incapacitation.

For those reasons, the motion for compassionate release is denied.


SO ORDERED.


Dated: April 29, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge