```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
MALIK DEJESUS,                                                       :
                                    Petitioner,                      :
                                                                     :
             -v-                                                     :     20-cr-00464 (LJL)
                                                                     :
UNITED STATES OF AMERICA,                                            :     MEMORANDUM &
                                                                     :         ORDER
                                    Respondent.                      :
                                                                     :
-------------------------------------------------------------------- :
                                                                     X
```

LEWIS J. LIMAN, United States District Judge:

On August 9, 2022, this Court denied Petitioner's motion for pretrial jail credit from the Bureau of Prisons after concluding that "the proper respondent for this petition is the warden of FCI Ray Brook and the proper venue for Mr. Dejesus's motion is the Northern District of New York, not the Southern District of New York." Dkt. No. 46 at 1–2. The Court found that it therefore lacked jurisdiction over the present action and instructed the Petitioner that he could refile his petition in the Northern District of New York against the warden of FCI Ray Brook. *Id.* at 2. Petitioner now requests that the Court transfer his petition for pretrial credit to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C § 1631. Dkt. No. 47. Petitioner continues to request the appointment of counsel, noting that he is "not skilled or versed in the application of federal law." *Id.*

> Section 1631 provides in pertinent part:
>
> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

"The legislative history of § 1631 indicates that 'Congress contemplated that the provision would aid litigants who were confused about the proper forum for review.'" *Liriano v. United States*, 95

F.3d 119, 122 (2d Cir. 1996) (quoting *American Beef Packers, Inc. v. I.C.C.*, 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam)). "When a petition is filed in a court that does not lie in the same district as the place where the petitioner is confined, the petitioned court may transfer the petition to the appropriate court in the interest of justice pursuant to 28 U.S.C. § 1631." *Catellanos v. Mukasey*, 2008 WL 4185700, at *4 (E.D.N.Y. Sept. 8, 2008); *see Paul v. I.N.S.*, 348 F.3d 43 (2d Cir. 2003).

As discussed in this Court's prior order, *see* Dkt. No. 46, this action should have been brought in the district where Plaintiff is confined—namely, the Northern District of New York. That Petitioner filed his motion in this Court appears to have resulted solely from Plaintiff's confusion about the proper forum for review. He understandably thought, albeit mistakenly, that the petition should be filed with the sentencing court. Accordingly, it is appropriate to transfer Petitioner's petition for pretrial credit to the U.S. District Court for the Northern District of New York. The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. The issue of whether to appoint counsel shall be addressed by the transferee court.

As Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to close Dkt. No. 47.

SO ORDERED.

Dated: October 25, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge